```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

_____
                                    :
SEAN FARRELL,                       :
                                    :
         Petitioner,                :   Civ. No. 20-4414 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN FCI FAIRTON,                 :
                                    :
         Respondent.                :
_____:

APPEARANCES:

Sean Farrell
58966-066
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

    *Petitioner Pro se*

John Andrew Ruymann, Chief, Civil Division
John T. Stinson, Jr., AUSA
Office of the U.S. Attorney
402 East State St.
Suite 420
Trenton, NJ 08608

    *Counsel for Respondent*

HILLMAN, District Judge

    Petitioner Sean Farrell,[1] a prisoner presently confined at FCI Fairton, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his conviction is

---

[1] Petitioner's criminal cases spell his surname both as "Farrell" and "Ferrell." The Court will use the spelling on the submitted petition.

invalid due to the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). ECF No. 1. Respondent United States filed a motion to dismiss arguing that the Petition should be dismissed for lack of jurisdiction. ECF No. 6. Petitioner opposes the motion. ECF No. 7. For the reasons that follow, the Court will deny the motion to dismiss for lack of jurisdiction. The United States shall be ordered to file a full answer.

I.   BACKGROUND

On September 21, 2004, Petitioner was indicted for being a convicted felon in possession of a firearm, 18 U.S.C. § 922(g)(1); and being a convicted felon in possession of ammunition, 18 U.S.C. § 922(g)(1). United States v. Farrell, No. 2:04-cr-00575 (E.D. Pa. Sept. 21, 2004) (ECF No. 1).[2] He pled guilty on April 9, 2007 to possession of a firearm, and the court dismissed the ammunition charge. Id. (ECF No. 60). The trial court sentenced Petitioner to 120 months imprisonment. Id. (July 12, 2007) (ECF No. 71). He was later sentenced to a consecutive term of 240 months imprisonment after a jury found him guilty of possession with intent to distribute cocaine and other charges. United States v. Ferrell, No. 2:04-cr-00730 (E.D. Pa. July 12, 2007) (ECF No. 110). The United States Court

---

[2] The Court takes judicial notice of the public dockets filed in Petitioner's criminal cases.

of Appeals for the Third Circuit affirmed the convictions and sentences. United States v. Ferrell, Nos. 07-2974 & 07-2980 (3d Cir. Sept. 29, 2008).

Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on September 22, 2009. Farrell, No. 2:04-cr-00575 (ECF No. 76).  The sentencing court denied the motion, (Apr. 21, 2010) (ECF No. 86), and the Third Circuit denied a certificate of appealability, United States v. Ferrell, No. 10-2268 (3d Cir. Nov. 5, 2010).  On January 27, 2020, Petitioner filed another motion under § 2255 claiming a right to relief under the recent Supreme Court decision in Rehaif v. United States, 139 S. Ct. 2191 (2019).  Farrell, No. 2:04-cr-00575 (ECF No. 97).  The sentencing court transferred the motion to the Third Circuit to determine whether Petitioner could proceed on a second or successive § 2255.  Id. (Feb. 4, 2020) (ECF No. 98).  The Third Circuit denied permission to file a second or successive § 2255 motion under Rehaif because "that case did not announce a new rule of constitutional law."  Id. (Mar. 12, 2020) (ECF No. 99).

Petitioner filed this petition under § 2241 on April 17, 2020.  ECF No. 1.  The Court ordered Respondent to answer, ECF No. 4, and the United States filed the instant motion to dismiss, ECF No. 6.  Petitioner opposes the motion.  ECF No. 7.

Petitioner argues that his § 922 conviction is invalid after Rehaif: "At the time of the above sentencing the Government, the Court, relied on the presumption of the above 922(g) text, as far as showing the Petitioner's conduct, the Petitioner knew he possessed a firearm, but what the Government, the Court and Petitioner did not know that the Petitioner knew that he was aware of his status, as a person barred at the time of his arrest/sentence that he was not allowed to possess a firearm." ECF No. 1 at 8.  The United States argues this Court lacks jurisdiction under § 2241 or, in the alternative, the Petitioner cannot make a showing of actual innocence under § 2241.

II. DISCUSSION

   A.  Legal Standard

   Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

   A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520

4

(1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

B.  Analysis

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

"In Dorsainvil, after the petitioner already had filed an unsuccessful § 2255 motion, the United States Supreme Court interpreted his statute of conviction in Bailey v. United States, 516 U.S. 137 (1995), in a way that rendered his conduct non-criminal." Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 702 (3d Cir. 2018) (per curiam). The Third Circuit concluded that Dorsainvil was in "an unusual situation because Bailey was not yet decided at the time of his first § 2255 motion." Dorsainvil, 119 F.3d at 251-52. "The petitioner could not seek relief in another § 2255 motion because successive §

5

2255 motions based on new law must be based on new rules of constitutional law and Bailey involved statutory construction rather than constitutional law." Boatwright 742 F. App'x at 702-03 (internal citations omitted). The Third Circuit considered § 2255 to be ineffective or inadequate under these circumstances and permitted Dorsainvil to raise his Bailey claim under § 2241.

The Court must consider two conditions in applying the Dorsainvil exception: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal ... in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)).

The Court concludes that Rehaif claims satisfy the first requirement. In Rehaif, the Supreme Court held that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm" to obtain a conviction under § 922(g). 139 S. Ct. 2191, 2200 (2019). The Third Circuit recently decided that "[t]he latter half of that

6

holding – that the government must prove that the defendant knew of his status as a person prohibited from having a gun – announced a newly found element of the crime." United States v. Nasir, 982 F.3d 144, 160 (3d Cir. 2020).  Therefore, Rehaif is a change in statutory caselaw.  Petitioner states a colorable claim of actual innocence because if he did not know he was a person prohibited from having a gun, his conduct does not violate § 922(g) after Rehaif.  See In re Wright, 942 F.3d 1063, 1066 (11th Cir. 2019) (Rosenbaum, J., concurring) ("[]Rehaif's rule is a retroactively applicable new rule of statutory law . . . .").

The Court further concludes Petitioner has satisfied the second Bruce requirement to proceed under § 2241.  As in Dorsainvil, Petitioner cannot "seek relief in another § 2255 motion because successive § 2255 motions based on new law must be based on new rules of constitutional law and [Rehaif] involved statutory construction rather than constitutional law." Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 702-03 (3d Cir. 2018).  Petitioner "also had no prior opportunity to raise his challenge in an initial § 2255 motion because [Rehaif] was decided after his § 2255 proceeding was complete."  Id. at 703.

As Petitioner's Rehaif claim satisfies the two requirements set forth in Bruce, the Court concludes it has jurisdiction to

7

decide the petition under § 2241.  Accordingly, the motion to dismiss for lack of jurisdiction is denied.

Respondent also asks the Court to dismiss the petition on the merits.  The Court concludes that there is insufficient evidence in the record before the Court to make a merits determination.  For example, Respondent has not provided copies of Petitioner's prior judgments of conviction or transcripts of relevant proceedings before the sentencing court.  Per the terms of the Court's May 13, 2020 order, ECF No. 4, Respondent is ordered to file a full and complete answer to the petition.

III. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of jurisdiction is denied.  An appropriate order will be entered.

Dated: January 22, 2021          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.