UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                  :
SEAN FARRELL, a/k/a               :
SEAN FERRELL,                     :
                                  :
          Petitioner,             :     Civ. No. 20-4414 (NLH)
                                  :
     v.                           :     OPINION
                                  :
WARDEN FCI FAIRTON,               :
                                  :
          Respondent.             :
_____:

APPEARANCES:

Sean Farrell
58966-066
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

          *Petitioner Pro se*

Rachael A. Honig, Acting United States Attorney
John T. Stinson, Jr., Assistant United States Attorney
Office of the U.S. Attorney
402 East State St.
Suite 420
Trenton, NJ 08608

          *Counsel for Respondent*

HILLMAN, District Judge

     Petitioner Sean Farrell,[1] a prisoner presently confined at

FCI Fairton, New Jersey, filed this petition for writ of habeas

corpus under 28 U.S.C. § 2241 arguing that his conviction is

_____

[1] Petitioner's criminal cases spell his surname both as "Farrell"
and "Ferrell."

invalid due to the Supreme Court's decision in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019).  ECF No. 1.  The Court denied Respondent United States' motion to dismiss for lack of jurisdiction after consideration of the Third Circuit's precedents <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997) and <u>Bruce v. Warden Lewisburg USP</u>, 868 F.3d 170 (3d Cir. 2017).  ECF No. 10.[2]  Respondent has since filed a full answer to the petition, ECF No. 14, and Petitioner filed a reply, ECF No. 15.

For the reasons that follow, the Court concludes that Petitioner has not satisfied the actual innocence standard.  Therefore, the Court will deny the § 2241 petition.

I.   BACKGROUND

On September 21, 2004, Petitioner was indicted for being a convicted felon in possession of a firearm, 18 U.S.C. § 922(g)(1); and being a convicted felon in possession of ammunition, 18 U.S.C. § 922(g)(1).  <u>United States v. Farrell</u>, No. 2:04-cr-00575 (E.D. Pa. Sept. 21, 2004) (ECF No. 1) ("<u>Farrell I</u>").[3]  He pled guilty on April 9, 2007 to possession of a firearm, and the court dismissed the ammunition charge.  <u>Id.</u> (ECF No. 60).  The trial court sentenced Petitioner to 120

---

[2] A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255 except when the remedy under § 2255 is inadequate or ineffective.  28 U.S.C. § 2255(e).

[3] The Court takes judicial notice of the public documents filed in Petitioner's criminal cases.

months imprisonment.  Id. (July 12, 2007) (ECF No. 71).  He was also sentenced on a separate indictment to a consecutive term of 240 months imprisonment after a jury found him guilty of possession with intent to distribute cocaine and other charges. United States v. Ferrell, No. 2:04-cr-00730 (E.D. Pa. July 12, 2007) (ECF No. 110) ("Farrell II").[4]  The United States Court of Appeals for the Third Circuit affirmed the convictions and sentences.  United States v. Ferrell, 293 F. App'x 934 (3d Cir. 2008).

Petitioner filed this habeas corpus petition on April 17, 2020.  ECF No. 1.  The United States moved to dismiss the petition for lack of jurisdiction under § 2241.  ECF No. 6.  The Court denied that motion and instructed Respondent to file a full answer on January 22, 2021.  ECF No. 10.

II.  STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the
> writ or issue an order directing the respondent to
> show cause why the writ should not be granted, unless
> it appears from the application that the applicant or
> person detained is not entitled thereto.

---

[4] Petitioner stipulated at trial that "prior to 10/5/04, [he] had previously been convicted in a court of the Commonwealth of Pa. of a crime punishable by imprisonment for a term exceeding one year, within the [meaning] of Title 18:921(3) and Section 922(g)."  Farrell II, (Mar. 9, 2007) (ECF No. 96).

A <u>pro se</u> pleading is held to less stringent standards than
more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>,
429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520
(1972).  A <u>pro se</u> habeas petition must be construed liberally.
<u>See</u> <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 243 (3d Cir. 2002).

III. DISCUSSION

Section 922(g) of Title 18 makes it unlawful for certain
persons to possess "any firearm or ammunition."  As is relevant
here, persons "who [have] been convicted in any court of, a
crime punishable by imprisonment for a term exceeding one year"
are included in the statute's list of prohibited persons.  18
U.S.C. § 922(g)(1).  "A separate provision, § 924(a)(2), adds
that anyone who 'knowingly violates' the first provision shall
be fined or imprisoned for up to 10 years."  <u>Rehaif</u>, 139 S. Ct.
at 2194 (emphasis omitted).

In <u>Rehaif</u>, the Supreme Court held that "the Government must
prove both that the defendant knew he possessed a firearm and
that he knew he belonged to the relevant category of persons
barred from possessing a firearm" to obtain a conviction under §
922(g).  139 S. Ct. 2191, 2200 (2019).  Petitioner asserts in
this § 2241 petition that the United States had not proved "that
the Petitioner knew that he was aware of his status, as a person
barred at the time of his arrest/sentence that he was not

4

allowed to possess a firearm" and that his § 922(g) conviction should be vacated as a result.  ECF No. 1 at 8.

"When actual innocence relies on an intervening interpretation of substantive criminal law, the actual-innocence gateway standard requires a petitioner to show that, in light of all the evidence, it is more likely than not that no reasonable juror properly instructed on the intervening interpretation would have convicted him." Cordaro v. United States, 933 F.3d 232, 241 (3d Cir. 2019) (citing Bruce v. Warden Lewisburg USP, 868 F.3d 170, 184 (3d Cir. 2017)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).  "In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather . . .  the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy . . . ." Id. at 624.

Significantly, Rehaif does not require the United States to prove that Petitioner knew that he was not permitted to carry firearms; the United States must only prove that Petitioner knew he was a felon.  See Greer v. United States, 141 S. Ct. 2090, 2095 (2021) ("In felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when

5

he possessed the firearm." (emphasis in original)); <u>United States v. Sanabria-Robreno</u>, 819 F. App'x 80, 83 (3d Cir. 2020) ("[T]he Government would have had to prove that [defendant] knew at the time that he possessed the firearm that he had been convicted of a crime punishable by more than one year of imprisonment."), <u>cert. denied</u>, 141 S. Ct. 2817 (2021).  The Court has reviewed the parties' submissions and concludes that in light of all the evidence, a reasonable, properly-instructed juror could have concluded that Petitioner knew at the time of the relevant offense that he had a prior conviction punishable by more than a year incarceration.  As such, Petitioner has not satisfied the actual innocence standard.

The Supreme Court noted in a different yet instructive context that defendants "face[] an uphill climb" with arguments that their status as a felon was unknown at the time of a later crime.  "The reason is simple: If a person is a felon, he ordinarily knows he is a felon.  Felony status is simply not the kind of thing that one forgets."  <u>Greer</u>, 141 S. Ct. at 2097 (holding a <u>Rehaif</u> error is not a basis for plain-error relief unless the defendant first makes a sufficient argument that he would have presented evidence at trial that he did not in fact know he was a felon) (internal quotation marks omitted).

Petitioner's federal indictment listed two prior convictions from the Philadelphia Court of Common Pleas and the

Commonwealth of Virginia.  Farrell I, (Sept. 21, 2004) (ECF No.
1 at 3).  Both convictions are charged as being "punishable by a
term of imprisonment exceeding one year."  Id.  The indictment
itself is not evidence of Petitioner's mental state at the time
of the offense, but it put Petitioner on notice of the United
States' allegations against him and what it was prepared to
prove to a jury beyond a reasonable doubt.  See Bousley, 523
U.S. at 618 (noting that the receipt of a copy of indictment
prior to pleading guilty gives rise to a presumption that
defendant was informed of the nature of the charge against him).
Additionally, Petitioner's plea agreement states that the United
States would submit to the jury "[a] certified copy of the
defendant's prior convictions" if Petitioner elected to proceed
to trial.  Farrell I (Apr. 9, 2007) (ECF No. 60 at 4).

The United States produced copies of Petitioner's
Philadelphia and Virginia convictions at sentencing on June 26,
2007.  ECF No. 14-5 (transcript of sentencing in Farrell I and
Farrell II).  "As reflected in the certified judgment of
conviction, on February 21, 1997, Ferrell pled guilty in the
Philadelphia County Court of Common Pleas to possession with
intent to deliver a controlled substance, arising from his
possession of 356 vials of crack cocaine.  Ferrell was sentenced
to time-served to 23 months and was granted immediate parole."
ECF No. 14 at 9; ECF No. 14-1.  "The certified copy of the

judgment of conviction in the Virginia case confirms that on December 19, 1997, Ferrell was convicted by a jury of one count of use of a firearm in commission of a felony offense, and one count of maiming.  According to the records, the jury fixed the sentence at five years for the maiming offense, and three years for the firearms offense."  ECF No. 14 at 9 (citing ECF Nos. 14-3, 14-4).

It is not likely at all, let alone more likely than not, that a reasonable juror presented with this information would believe Petitioner did not know on August 28, 2004 that he had been convicted of a crime punishable by more than one year imprisonment.  This is especially true considering Petitioner committed the instant offense approximately four months after completing his eight-year sentence from Virginia, according to the United States.  Farrell I, (Sept. 21, 2004) (ECF No. 1 at 3); ECF No. 14-5 at 20.  It strains credulity to believe that Petitioner could have forgotten his eight-year prison sentence in such a short amount of time.  "[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon."  Greer, 141 S. Ct. at 2097, (emphasis in original).  Petitioner has provided the Court with no such reason to conclude otherwise.

Petitioner appears to abandon his claim that he did not know he was a felon at the time of the offense and instead

argues in his reply that he never admitted he knew he was a felon during his plea colloquy in Farrell I. "Farrell never admitted in open court to being convicted of a felony that qualifies a 922(g) offense and conviction . . . ." ECF No. 15 at 3. This is not the argument that the Court found could proceed under § 2241, and "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Bousley v. United States, 523 U.S. 614, 621 (1998). However, it makes little difference because Petitioner would have to show actual innocence to overcome the procedural default of his claim of plea colloquy error. Id. at 623. Even if the plea colloquy claim were properly before the Court, Petitioner would ultimately still be required to prove that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Id.

Having reviewed the parties' submissions, the Court finds that Petitioner has not shown that it is more likely than not that no reasonable juror properly instructed on the intervening interpretation of § 922(g) would have convicted him in light of all the evidence. Therefore, he has not satisfied the actual innocence standard, and the Court will deny the habeas petition.

IV. CONCLUSION

For the foregoing reasons, the Court will deny the habeas petition.  An appropriate order will be entered.


Dated: November 8, 2021          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.